UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ANGELA PETTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:19-cv-167 |
| | ) | |
| TRANSAMERICA PREMIER LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Angela Petts ("Ms. Petts"), by counsel, for her Complaint against Defendant, Transamerica Premier Life Insurance Company ("Transamerica"), states as follows:

## Parties

1.      At all times relevant to this Complaint, Ms. Petts was an individual residing in Evansville, Indiana.  At all times relevant, Ms. Petts was employed by Transamerica and working in Evansville, Indiana.

2.      Transamerica is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa.

## Jurisdiction and Venue

3.      Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds the sum of $75,000 and the controversy is between citizens of different States.

4.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to this action occurred in the Southern

District of Indiana and Transamerica conducts business and has offices in the Southern District of Indiana.

## Facts Relevant to All Claims

5.      On or around December 5, 1981, Ms. Petts obtained her resident producer license ("License") with qualifications to sell life, accident and health insurance.

6.      On or around June 9, 1990, Ms. Petts obtained additional qualifications under her License to sell property and casualty insurance.

7.      Ms. Petts began working for Transamerica around September 4, 2001.

8.      During her employment with Transamerica, Ms. Petts was a captive agent and she built a substantial client base.  As a result, Ms. Petts was one of Transamerica's top producers.  As one of Transamerica's top producers, Transamerica paid a significant amount of money to Ms. Petts in salary and commissions.

9.      In or around August 2017, Ms. Petts' estranged son, Corey Adams ("Corey"), provided information to Transamerica alleging both Ms. Petts and a notary public in the Evansville, Indiana Transamerica office forged Corey's signature on life insurance policies for Corey and his daughter.

10.     Corey later alleged Ms. Petts forged other individuals' signatures on their policies as well.

11.     Transamerica terminated Ms. Petts on or around February 26, 2018, allegedly for cause.

12.     Based on the information provided by Corey, Transamerica also caused the Indiana Department of Insurance (the "IDOI") to investigate Ms. Petts.

13.      On July 13, 2018, the IDOI issued an Order of Nonrenewal ("Order") against Ms. Petts' resident producer license because of the alleged termination for cause by Transamerica.

14.      As a result of Transamerica causing the IDOI to investigate Ms. Petts, Ms. Petts was forced to challenge the reasonableness of the Order by initiating an appeal of the Order so she could maintain her License.

15.      During the appeal process, Ms. Petts learned that Transamerica failed to follow up on requests for information from Ms. Petts' clients.

16.      Ms. Petts also learned that Transamerica failed to provide the IDOI with evidence it possessed that was contrary to the alleged termination for cause and that negated and mitigated the claims made against Ms. Petts by Corey.

17.      Transamerica deliberately withheld this information from the IDOI because it knew that the actual evidence did not support a termination for cause or for the nonrenewal of Ms. Petts' License.

18.      As a result of Transamerica's actions, Ms. Petts was unable to work as a producer of insurance in Indiana for a period of time.

## COUNT I–Wrongful Termination

19.      Ms. Petts hereby incorporates by reference the allegations set forth in the preceding paragraphs as though fully stated herein.

20.      Transamerica terminated Ms. Petts without good cause and for the purpose of taking Ms. Petts' clients and her book of business.

21.      Ms. Petts has suffered damages as a result of her termination without good cause.

### COUNT II–Actual Fraud – Fraudulent Concealment from the IDOI

22.     Ms. Petts hereby incorporates by reference the allegations set forth in the preceding paragraphs as though fully restated herein.

23.     Transamerica made material misrepresentations to the IDOI by fraudulently concealing information that was requested by the IDOI concerning Ms. Petts and her clients.

24.     Transamerica withheld from the IDOI, among other things, information that Ms. Petts provided to Transamerica regarding her relationship with Corey and affidavits from Jared Petts, Stephanie Baker, and Patricia Gardner.  Those affidavits were in Transamerica's possession and confirmed no wrongdoing by Ms. Petts.

25.     Transamerica deliberately withheld this information from the IDOI with the knowledge or reckless ignorance that the information should not have been withheld.

26.     Transamerica withheld this information from the IDOI with the intention of deceiving the IDOI and Ms. Petts.

27.     The IDOI relied on Transamerica' representations concerning the information, and more specifically the lack of information, provided in response to the IDOI's requests for information.

28.     Ms. Petts relied on Transamerica to provide accurate and complete information to the IDOI.  Ms. Petts was unaware that Transamerica did not disclose pertinent information concerning Corey, Corey's insurance policies with Transamerica, and insurance policies of other clients of Ms. Petts to the IDOI.

29.     Ms. Petts trusted and relied on Transamerica to disclose any and all information to the IDOI, even the evidence and information that would negate or mitigate the claims made against Ms. Petts by Corey.

30.     Ms. Petts relied on Transamerica to not intentionally and knowingly conceal information from the IDOI.

31.     As a direct and proximate result of Transamerica's fraudulent concealment from the IDOI and Ms. Petts' reliance on Transamerica to provide complete and accurate information to the IDOI, Ms. Petts has suffered damages.

## COUNT III–Constructive Fraud

32.     Ms. Petts hereby incorporates by reference the allegations set forth in the preceding paragraphs as though fully restated herein.

33.     Transamerica owed Ms. Petts certain duties by nature of their relationship, and said duties required Transamerica to respond truthfully and completely to inquiries concerning Ms. Petts and her business.

34.     Transamerica had absolute power over the information sought by the IDOI.

35.     Transamerica owed Ms. Petts a duty to respond truthfully to the IDOI concerning Ms. Petts and to make a good faith effort to provide requested information concerning Ms. Petts and her business.

36.     Transamerica violated this duty owed to Ms. Petts by intentionally concealing information from the IDOI and by intentionally concealing from Ms. Petts that Transamerica was not providing all the information requested from the IDOI.

37.     Transamerica had knowledge or reckless ignorance that the allegations made by Corey were false, but Transamerica still investigated and eventually terminated Ms. Petts.

38.     Ms. Petts relied on Transamerica to truthfully respond to the requests made by the IDOI concerning the complaints made against Ms. Petts.

39.     Ms. Petts relied on Transamerica to not intentionally and knowingly conceal information from the IDOI.

40.     As a direct and proximate result of Transamerica's failure to disclose material information to the IDOI, Ms. Petts has suffered damages.

41.     Transamerica concealed information from the IDOI in an attempt to justify its termination of Ms. Petts for cause.

42.     Transamerica gained an advantage at the expense of Ms. Petts by causing Ms. Petts to be investigated by the IDOI and then using the investigation as an excuse to terminate Ms. Petts.

## COUNT IV–Abuse of Process

43.     Ms. Petts hereby incorporates by reference the allegations set forth in the preceding paragraphs as though fully restated herein.

44.     Transamerica wrongfully caused the IDOI to investigate Ms. Petts knowing that Ms. Petts was not responsible for the actions described by Corey.

45.     Transamerica caused the IDOI to investigate Ms. Petts for the ulterior purpose of attempting to justify Transamerica's termination of Ms. Petts for cause.

46.     Transamerica willfully used the administrative process within the IDOI in an attempt to create a justification to terminate Ms. Petts for cause.

47.     Transamerica had knowledge or reckless ignorance that the allegations made by Corey were untrue.

48.     Despite having knowledge or reckless ignorance that the allegations made by Corey were untrue, Transamerica continued to cause the IDOI to investigate Ms. Petts.

49.     Further, Transamerica abused the administrative process within the IDOI by failing to comply with requests for information from the IDOI concerning Ms. Petts, her clients, and her License.

50.     As a direct and proximate result of Transamerica's actions in abusing the administrative process within the IDOI, Ms. Petts has suffered damages, including but not limited to, being unable to work as a producer of insurance and damage to her business relationships.

## COUNT V–Tortious Interference with Business Relations

51.     Ms. Petts hereby incorporates by reference the allegations set forth in the preceding paragraphs as though fully restated herein.

52.     Having worked as a producer of insurance since 1981, Ms. Petts had formed several valid business relationships with her clients spanning decades.

53.     Transamerica was aware of Ms. Petts' business relationships with her clients.

54.     Transamerica intentionally interfered with Ms. Petts' business relationships by causing the IDOI to investigate Ms. Petts, while knowing the allegations against her were untrue.

55.     Further, by failing to disclose information to the IDOI that would negate or mitigate the allegations made against Ms. Petts, Transamerica further damaged Ms. Petts' relationships with her clients.

56.     Transamerica had no valid justification for wrongfully causing Ms. Petts to be investigated by the IDOI.

57.     Transamerica had no valid justification for concealing the information from the IDOI that would negate or mitigate the allegations made against Ms. Petts.

58.     Transamerica interfered with Ms. Petts' business relationships so it could keep the business received from her clients after her termination.

59.     While committing tortious interference with Ms. Petts' business relationships, Transamerica illegally terminated Ms. Petts.

60.     While committing tortious interference with Ms. Petts' business relationships, Transamerica illegally committed fraud by intentionally concealing information from the IDOI, Ms. Petts' clients, and Ms. Petts that would have negated or mitigated the allegations made against her.

61.     While committing tortious interference with Ms. Petts' business relationships, Transamerica illegally abused the administrative process of the IDOI in wrongfully causing Ms. Petts to be investigated.

62.     As a direct and proximate result of Transamerica's intentional interference with Ms. Petts' business relationships, Ms. Petts has suffered irreparable damage to her business relationships due to being unable to work as a producer of insurance for a period of time.  Further, the investigation caused by Transamerica has had a negative impact on Ms. Petts' business reputation as a producer of insurance.

## COUNT VI–Negligence

63.     Ms. Petts hereby incorporates by reference the allegations set forth in the preceding paragraphs as though fully stated herein.

64.     Transamerica owed a duty of care to Ms. Petts.

65.     Transamerica's various actions and omissions as set forth herein and otherwise constituted one or more breaches of the duty of care owed to Ms. Petts.

66.     Transamerica's breaches of the duty of care they owed to Ms. Petts have caused and continue to cause damages to Ms. Petts.

67.     As a direct and proximate result of Transamerica's actions as described herein and otherwise, Ms. Petts has suffered damages.

WHEREFORE, Plaintiff, Angela Petts, respectfully requests the following relief from the Court:

a.     To award damages to Ms. Petts to adequately compensate her for her damages;

b.     To grant Ms. Petts the costs of this action, her reasonable attorney's fees, and pre- and post-interest; and

c.     To grant Ms. Petts all other relief allowed.

## REQUEST FOR JURY TRIAL

Plaintiff, Angela Petts, hereby demands trial by jury of all issues so triable.

Respectfully submitted,

*/s/ John J. Morse*
John J. Morse, Atty. No. 16146-49

*Attorney for Plaintiff, Angela Petts*

MORSE & BICKEL, P.C.
320 N. Meridian Street
Suite 600
Indianapolis, IN  46204
Phone: (317) 686-1540
Fax: (317) 686-1541
Morse@MorseBickel.com